# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GREGORY MARSHALL, #183-459 | * |
| Plaintiff | * |
| v | *     Civil Action No. CCB-16-4021 |
| WARDEN, Patuxent Institution | * |
| J. ALLEN, Case Manager, Patuxent | |
| MS. BOWMAN, Pre-Release Coordinator, Patuxent | * |
| P. JAMES, Director of Patuxent | * |
| MS. ALLEN, Case Manager Supervisor | |
| | * |
| Defendants | |

\*\*\*

## MEMORANDUM

Gregory Marshall, a Maryland Division of Correction prisoner housed at Patuxent Institution, is scheduled for release on January 5, 2017. He states that defendants have not yet provided him with items needed for release, including winter clothing, a photo identification card, a social security card, his birth certificate, an application for social services and disability assistance, and medical coverage. (ECF 1 at p. 2). Marshall, who is proceeding under 42 U.S.C. § 1983, also requests leave to proceed in forma pauperis. (ECF 2). For the reasons stated below, the lawsuit must be dismissed.

Marshall seeks injunctive relief mandating he be provided with certain items prior to his upcoming release. Marshall cannot prevail, because while incarcerated, he has repeatedly filed complaints subject to dismissal under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), and thus is barred generally from civil filings under the "three strikes" provision of 28 U.S.C. § 1915(g).[1] Because Marshall has "three strikes" under the PLRA, he is not permitted to file a civil action

---

[1] *See Marshall v. Lanham*, No. AW-97-990 (D. Md. 1997); *Marshall v. Corr. Center of Howard Cnty.*, No. AW-97-2536 (D. Md. 1997); and *Marshall v. Kemmerer*, No. AW-02-2133 (D. Md. 2003).

unless he pays the full filing fee or proves he is in imminent danger of serious physical injury. As noted, Marshall has not paid the filing fee.[2] Aside from his claim that he has yet to receive various items that would assist him after his upcoming release, Marshall does not demonstrate that he is in imminent danger of serious harm.

Federal courts have long recognized that the grant of interim equitable relief is an "extraordinary remedy involving the exercise of a very far-reaching power." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). A plaintiff seeking such relief must establish that he is "likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. National Resource Defense Council, Inc.*, 555 U.S. 7, 20 (2008). All four of these requirements must be established before injunctive relief can be granted. *See The Real Truth About Obama, Inc., v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

The first and second *Winter* factors are dispositive here: Marshall has not demonstrated that he is likely to succeed on the merits, or that he is likely to suffer irreparable harm if not provided the requested items at this time. He has not shown a basis for this court to order the DOC to provide the items he requests.

For these reasons, a separate order shall be entered denying in forma pauperis status and dismissing the case without prejudice.[3]

December 21, 2016                         _____/S/_____
Date                                            Catherine C. Blake
                                                  United States District Judge

---

[2] Given his "three strikes" status, Marshall's motion for leave to proceed in forma pauperis (ECF 2) will be denied.
[3] Marshall may of course refile the action and pay the full $400 filing fee at the time of filing.